UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| WILL A. TINNER, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 3:11-cv-0007-RLY-WGH |
| | ) | |
| BOEHRINGER-INGELHEIM | ) | |
| PHARMACEUTICALS, INC., | ) | |
|     Defendant. | ) | |

**ENTRY ON DEFENDANT BOEHRINGER-INGELHEIM PHARMACEUTICALS, INC.'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Defendant Boehringer-Ingelheim Pharmaceuticals, Inc. ("BIPI") moves to dismiss Count VII of Plaintiff Will A. Tinner's ("Tinner") Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). For the reasons set forth below, Defendant's Motion to Dismiss is **GRANTED.**

**I.  Background**

Tinner was employed by BIPI as a pharmaceuticals sales representative from April 2000 to May 2010. (Complaint ¶¶ 11, 29). On January 20, 2010, Tinner was involved in an automobile accident with an uninsured motorist while driving a vehicle owned and insured by BIPI. (Compl. ¶ 22). Following this accident, Tinner filed both a worker's compensation claim (Compl. ¶ 25) and an uninsured motorist claim for the injuries he sustained. (Compl. ¶ 62). Tinner has not received any compensation from BIPI or its uninsured motorist policy in connection with the accident. (Compl. ¶ 63).

1

Count VII of Tinner's Complaint alleges that BIPI violated Indiana Code Section 27-7-5-2 by failing to compensate him for his injuries and losses sustained in the January 20 accident. (Compl. ¶ 61). Defendant now moves to dismiss this claim on the theory that the exclusive remedy provision of Indiana's Worker's Compensation Act ("the Act") bars Tinner's claim for relief in Count VII.

## II. Discussion

Indiana's Worker's Compensation Act is the exclusive remedy for injuries arising out of and during the course of employment. IND. CODE § 22-3-2-6; *Evans v. Yankeetown Dock Corp.*, 491 N.E.2d 969, 972 (Ind. 1986). A motion to dismiss a claim based on the exclusivity provision of the Act is an attack on the court's subject matter jurisdiction. *Perry v. Stitzer Buick GMC, Inc.*, 637 N.E.2d 1282, 1286 (Ind. 1994). Thus, when the court reviews a motion to dismiss for lack of subject matter jurisdiction, and the plaintiff's complaint reflects an employment relationship and its role in the injuries alleged, the burden shifts to the plaintiff to demonstrate some grounds for taking the claim outside the Act. *Id.* at 1286-1287.

> The exclusivity provision of the Act provides, in relevant part:
>
> The rights and remedies herein granted to an employee subject to this Act on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, his personal representatives, dependents or next of kin, at common law or otherwise, on account of such injury or death.
>
> IND.CODE § 22-3-2-6.

Even though worker's compensation is intended to be the exclusive remedy in employment-related injuries, an injured plaintiff may commence legal proceedings against an "other person" provided that person is neither the plaintiff's employer nor a fellow employee. *GKN Co. v. Magness*, 744 N.E.2d 397, 402 (Ind. 2001)(citing IND. CODE § 22-3-2-13). An "other person" includes an employer's uninsured motorist insurance carrier, but not an employer which acts as its own insurer. *Walkup v. Wabash National Corp.*, 702 N.E.2d 713, 715 (Ind. 1998)(citing *Ansert Mechanical Contractors, Inc. v. Ansert*, 690 N.E.2d 305, 308 (Ind. Ct. App. 1997) (holding that a third party uninsured motorist carrier could be an "other person")); *Smith v. Gary Public Transp. Corp.* 893 N.E.2d 1137, 1140 (Ind. Ct. App. 2008) (holding that an employer cannot be considered an "other person" for purposes of Indiana Code Section 22-3-2-6 when it acts as its own insurer).

In Tinner's Response, he argues that he may pursue an uninsured motorist coverage claim against BIPI or BIPI's uninsured motorist carrier. (Plaintiff's Response at 4). However, the Act bars Tinner's claim against BIPI. Although Tinner could have brought a claim against BIPI's uninsured motorist carrier (to the extent one exists), he did not. Accordingly, Tinner's claim falls well within the exclusivity provision of the Act, and must be dismissed for lack of subject matter jurisdiction.

### III. Conclusion

Tinner exhausted his remedies against BIPI pursuant to Indiana Code Section 27-7-5-2 when he received worker's compensation. Furthermore, Tinner has not met his burden of demonstrating some grounds for taking his claim outside the Act. Therefore, this court does not have subject matter jurisdiction to entertain Count VII of Plaintiff's Complaint. For the foregoing reasons, Defendant's Motion to Dismiss For Lack of Subject Matter Jurisdiction (Docket #14) is **GRANTED** and Count VII of Plaintiff's Complaint and Demand for Jury Trial, asserting a claim for damages pursuant to Indiana Code Section 27-7-5-2, is hereby **DISMISSED.**

**SO ORDERED** this 25th day of July 2011.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Joseph H. Harrison, Jr.
Massey Law Office, LLC
jhj@masseylawoffices.com

Michael W. Padgett
Jackson Lewis, LLP
padgettm@jacksonlewis.com